IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JIMMIE STEELE, | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-854-TMH |
| | | (WO) |
| JUDGE MCKATHAN, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Covington County Jail located in Andalusia, Alabama. He files this 42 U.S.C. § 1983 action against the Honorable Ashley McKathan and the Honorable Lex Short. Plaintiff alleges that Defendants have denied him a fair bond as well as a bond reduction. Plaintiff further asserts that Defendants have violated his right to a speedy trial. Plaintiff requests monetary damages due to violations of due process and court procedures. Upon review of the pleadings filed in this case, the court concludes that dismissal of the complaint is appropriate under 28 U.S.C. §1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff complains about adverse rulings and decisions made by Judges McKathan and Short with regard to state court proceedings pending against him. The conduct about

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

which Plaintiff complains emanates from judicial actions taken by Judges McKathan and Short in their capacities as state judges. As such, the claims entitle Plaintiff to no relief.

### i. The Request for Monetary Damages

It is clear that the allegations made by Plaintiff against the named defendants emanate from actions taken by these defendants in their judicial capacity during state court proceedings over which they had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Plaintiff's claims for monetary damages against Judges McKathan and Short are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(I) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### ii. Injunctive Relief

To the extent that Plaintiff seeks injunctive relief for actions taken by Judges McKathan and Short, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *District of Columbia Court of*

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

*Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

In light of the foregoing, dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 7, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of September 2009.

    /s/   Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE